# Wytheville

## WILSON TRENT v. A. C. ELLINGTON.

### June 14, 1923.

1. RECEIVERS—*Appointment where Complainant has Remedy in his Own Hands—Receiver for Crops—Case at Bar.*—In the instant case complainant was to furnish a certain tract of land on which defendant was to plant, cultivate, and harvest a crop of corn and tobacco. Complainant filed his bill in equity, alleging that defendant had failed to perform his part of the contract by neglecting to cultivate and market the crops, and was indebted to him for advances; that defendant was insolvent, and unless a receiver was appointed to care for and market the crops, complainant would sustain irreparable loss.

   *Held:* That while the verified allegations of the bill would perhaps have justified the appointment of a receiver, a copy of the contract between the parties filed as an exhibit with the bill showed upon its face that complainant was given every remedy necessary to protect his own interests, therefore a demurrer to the bill should have been sustained.

2. RECEIVERS—*Appointment where Complainant has Remedy in his Own Hands—Receiver for Crops—Case at Bar.*—In the instant case a landowner asked that a receiver be appointed to care for and market crops raised on his land by defendant under a sharing contract. The bill alleged that defendant had failed to perform his part of the contract by neglecting to cultivate and market the crops, and had permitted livestock to run at large upon and damage the land, and that defendant was insolvent. Practically the only evidence which complainant had in support of his bill was his own deposition, and that deposition, read as a whole, fell very far short of proving that he was in any danger of damage or loss. Defendant contradicted the statements of complainant in nearly all material respects, and was corroborated by other witnesses in important particulars.

   *Held:* That the proof was wholly inadequate to sustain the allegations of complainant's bill.

Appeal from a decree of the Circuit Court of Prince Edward county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*J. Taylor Thompson,* for the appellant.

*A. D. Watkins,* for the appellee.

KELLY, P., delivered the opinion of the court.

On February 21, 1920, A. C. Ellington and Wilson Trent entered into a written contract to the following effect:

Ellington was to furnish a certain tract of land, with buildings and firewood, and also to furnish necessary fertilizer, and Trent was to plant, cultivate and harvest on the land a crop of corn and tobacco.

Trent was to cultivate at least twelve acres in bright tobacco and at least five acres in dark tobacco, to furnish all labor, teams and tools, to devote all of his own time to the crop, to cultivate and market the same in a husbandlike manner, and to do no damage to the land or to the orchard on the place. In return for his services he was to have half of the crop and also half of the fruit from the orchard, the other half of such fruit to be delivered by him at Ellington's home.

The crops were to be cured and marketed by Trent under the direction of Ellington, with competent and skilful labor.

Ellington was to have a prior lien on Trent's interest in the crops for any advances he might make to Trent; to have full control over marketing the crops, and full authority to collect the proceeds and settle with Trent; and he was further given the power, in case Trent should fail to cure and market the crops as directed by him, to employ such labor as might be necessary for the purpose and charge the same to Trent.

Pursuant to this agreement Trent took possession of the land, and planted and cultivated certain crops of corn and tobacco thereon.

On the 4th day of November, 1920, Ellington filed his bill in equity against Trent, alleging that Trent was indebted to him for advances in the total sum of $380.00; that Trent had failed to perform his part of the contract by neglecting to work, cultivate and market the crops under Ellington's supervision; had permitted live stock to run at large upon and damage the land; that Trent was insolvent; and that unless a receiver was appointed to care for and market the crops, Ellington would sustain irreparable loss.

Pursuant to the prayer of this bill, the court on the same day, to-wit, November 4, 1920, entered a vacation order restraining Trent from interfering with or taking control of the crops on the premises, and appointed John A. Clark, sheriff of Prince Edward county, a receiver to take charge of, prepare, market and dispose of the crops. In this connection, it may be added that during the course of the proceedings in this cause the receiver did market and dispose of the crops, and distributed the proceeds under the order of the court.

Trent demurred to and answered the bill, admitting advances amounting to $245 by Ellington, and denying all the other allegations therein which were material to the relief sought.

Depositions were taken by both parties, and on December 7, 1921, a decree was entered which in effect overruled the demurrer and expressly held that the plaintiff had sustained the allegations in his bill, and directed a distribution of the proceeds of the crops at that time remaining in the hands of the receiver. This decree Trent asks us to review and reverse.

[1] The first assignment of error is that the court

ought to have sustained the demurrer and dismissed the bill in the first instance. This assignment we think is good. The verified allegations of the bill would perhaps have justified the appointment of a receiver but for the fact that a copy of the contract between the parties was filed as an exhibit with the bill, and that contract showed upon its face that the complainant was given every remedy necessary to protect his own interests. Under the terms of the contract he had absolute control over the cultivation, marketing and disposition of the crops.

[2] We need not, however, rest the decision of this case upon the demurrer, and will pass to the second assignment, which is that the court erred in holding that the complainant had sustained his allegations by proof. We are unable to take this view of the evidence, and we think the court was wrong in that respect.

Practically the only evidence which the complainant has in support of his bill is his own deposition, and when that deposition is read as a whole, it falls very far short of proving that he was in any danger of damage or loss. It is true that Trent did not plant as much acreage in tobacco as the contract provided for, but Ellington made no serious complaint of this, and practically acquiesced in the action of his tenant in this respect. The proof of the allegation as to damage to the real estate and the crops by live stock running at large upon the place, or otherwise, is wholly insufficient.

Trent testified in his own behalf, and contradicted the statements of Ellington in nearly all material respects, and in some important particulars he is corroborated by the testimony of other witnesses, one or more of them wholly independent and disinterested.

It is unnecessary to cite any authority for the con-

clusion which we reach in this case, because, granting that the allegations of the bill entitle the complainant to an injunction and the appointment of a receiver, the proof was wholly inadequate, and it follows that the court erred in entering the decree complained of. The decree must be reversed and the bill dismissed at the cost of the complainant.

*Reversed.*